UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARON SUE COOPERMAN
12 Anthony Rd.
Sandia Park, NM 87047

   *Plaintiff,*

     v.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS
810 Vermont Avenue NW
Washington, DC 20420

   *Defendant.*

Civil Action No. 25-685

**COMPLAINT**

Plaintiff Sharon Sue Cooperman ("Plaintiff" or "Dr. Cooperman"), brings this judicial review and action against Defendant, the United States Department of Veterans Affairs ("Defendant" or "VA" or "agency"). In support thereof, Plaintiff states as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief.

2. Through FOIA, Plaintiff seeks the production of all responsive records involving documents maintained by the Sioux Falls VA Health Care System pertinent to Dr. Cooperman and Dr. Cooperman's administrative suspension. The suspension began on June 24, 2022, and was rescinded on November 16, 2022. The best representations of

1

Plaintiff's requests, are Plaintiff's properly submitted requests, attached to and made part of this Complaint as Exhibits 101 and 112.

3. Defendant, the United States Department of Veterans Affairs, has violated the Freedom of Information Act by failing to issue determinations within the statutory period, by failing to conduct a reasonable search, and by failing to release all responsive, non-exempt records according to law.

## PARTIES

4. Plaintiff, Dr. Cooperman, was a VA employee from April 18, 2022, to March 9, 2023.

5. Defendant, Department of Veterans Affairs, is an agency within the meaning of 5 U.S.C. § 552(f)(1). Plaintiff, upon knowledge and belief, alleges that Defendant has possession and control of the records responsive to these requests.

## JURISDICTION AND VENUE

6. This action arises under FOIA. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i). This case presents a federal question that confers jurisdiction on this Court. *See* 28 U.S.C. § 1331 and 28 U.S.C. §1346.

7. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

8. Plaintiff is a doctor who seeks, *inter alia,* records concerning her personnel file and all other documents pertaining to her, maintained at the Sioux Falls VA Health Care System, in relation to her employment with the U.S. Department of Veteran Affairs, Sioux Falls VA Health Care System.

9. Plaintiff served as a contracted Medical Officer at Sioux Falls Veterans Administration Hospital in Sioux Falls, South Dakota, from October 13, 2021, to November 30, 2021, and as a VA employee from April 18, 2022, to March 9, 2023. Plaintiff's duties included evaluating and treating veterans as a clinical neurologist.

10. Plaintiff's clinical privileges were summarily suspended effective June 24, 2022. Exhibit 115 is the Notice of Summary Suspension and it is attached and made part of this Complaint.

11. On November 16, 2022, the summary suspension was rescinded, and Plaintiff was returned to clinical care. Exhibit 116 is the Notice of Summary Suspension Rescission and it is attached and made part of this Complaint.

12. The purpose for requesting the records is not for commercial use.

## FOIA REQUEST NO. 23-01120-FP

13. On or about November 1, 2022, Plaintiff's prior legal counsel submitted a FOIA request for records to the U.S. Department of Veteran Affairs, Sioux Falls VA Health Care System. Exhibit 101 is Plaintiff's FOIA Request No. 23-01120-FP and it is attached and made part of this Complaint. Plaintiff's request stated:

> We are requesting her complete personnel file and all other documents maintained at your facility pertaining to her, including but not limited to all performance appraisals, FPPEs, OPPEs, evaluations, and complaints concerning her performance[] and her work product. We will treat any physician- patient privileged documents as such and confidentially.
>
> The term document includes but is not limited to:
>
> The term documentation includes all compilation and recording of information and data, electric, digital, hard copy, handwritten and otherwise created, regardless of the media upon which it is recorded, maintained, stored. It would include but not be limited to papers, letters, notes, reports, memoranda, accountings, audits,

3

    surveys, assessments, correspondence, charts, manuals, directives, guidance, writings, computerized data, email, texting and any recordation of information, written, typed, handwritten, mechanical, digital, electronically recorded on any media, magnetic, paper or other material and in any format, that is maintained, possessed and/or in custody of you or your agency, its employees, its staff, its officers, its officials, accountants, agents, attorneys, and contractors. This would include drafts as well as final versions of such documents.

    *Id.* at 2.

14. On or about November 3, 2022, Defendant confirmed receipt of Plaintiff's request, and assigned the request FOIA number 23-01120-FP. Exhibit 102 is Defendant's Confirmation of Receipt of FOIA No. 23-01120-FP, and it is attached and made part of this Complaint. The letter stated that Plaintiff's request was placed in the simple processing category. *Id.* at 3. Defendant listed the date range for Plaintiff's record search as "8/1/2021 To 11/3/2022," but also stated, "[w]e will search for records responsive to your FOIA request that were gathered or created by the VA Midwest Health Care Network on and before the date your request is sent out for record search." *Id.*

15. On or about November 7, 2022, Defendant sent Plaintiff a letter seeking clarification on the request. Exhibit 103 is Defendant's Letter Seeking Clarification on FOIA No. 23-01120-FP and it is attached and made part of this Complaint.

16. On or about November 8, 2022, Plaintiff sent Defendant a letter that provided clarification on the request. Exhibit 104 is Plaintiff's Clarification Letter on FOIA No. 23-01120-FP and it is attached and made part of this Complaint. The letter specified the kinds of records that Plaintiff was requesting, and clarified that the request sought "the relevant portions of [patient] charts" for the date range of April 19, 2022, to June 24, 2022. *Id.* at 2.

17. Defendant responded to Plaintiff's clarification by letter and stated that Defendant expected to provide an update regarding the status of the request on or before January 13, 2023. Exhibit 105 is Defendant's Letter Re Extended Processing Time on FOIA No. 23-01120-FP and it is attached and made part of this Complaint. The correct date of this letter is unknown. The letter is dated November 3, 2022, but this date is incorrect—it was sent by Defendant after Plaintiff sent a clarification letter November 8, 2022. *Id.; see* Exhibit 104. The letter also mentions another VA letter, dated November 7, 2022. *See* Exhibit 105.

18. On or about January 20, 2023, Defendant issued a final determination on the request. Exhibit 106 is Defendant's First Final Determination Letter on FOIA No. 23-01120-FP and it is attached and made part of this Complaint. The letter stated that 334 pages were determined responsive to the request and that Defendant withheld portions of records. *Id.* at 3. Specifically, the letter stated, "I am withholding portions of the documents under both of these exemptions," but only listed one FOIA Exemption—Exemption 6. *Id.*; *see* 5 U.S.C. § 552 (b)(6). The letter also notified Plaintiff of her right to appeal the determination. Exhibit 106 at 3–4. Defendant released 142 pages of records responsive to the request, in whole or in part.

19. On April 13, 2023, Plaintiff timely filed an administrative appeal of Defendant's January 20, 2023, final determination for FOIA No. 23-1120-FP. Exhibit 107 is Plaintiff's Administrative Appeal of FOIA No. 23-1120-FP, excluding exhibits, and it is attached and made part of this Complaint.

20. On April 14, 2023, Defendant acknowledged receipt of Plaintiff's administrative appeal and assigned the appeal 024N OGC Case #: 165148. Exhibit 108 is Defendant's Appeal

Acknowledgement Letter on 024 OGC Case #: 165148 (FOIA No. 23-1120-FP) and it is attached and made part of this Complaint.

21. On October 2, 2023, Defendant issued a determination on Plaintiff's administrative appeal 024 OGC Case #: 165148. Exhibit 109 is Defendant's Determination on Administrative Appeal 024N OGC Case #: 165148 (FOIA No. 23-1120-FP). In the letter, Defendant's conclusion stated: "Based upon the overall administrative record, we are remanding this matter for processing. In this regard, we directed the FOIA Officer to contact you and accomplish additional action on remand." *Id.* at 3.

22. On or about February 13, 2024, Defendant issued a final determination on Plaintiff's remanded request. Exhibit 110 is Defendant's Combined Final Determination Letter on FOIA Nos. 23-01120-FP and 24-05590-F, and it is attached and made part of this Complaint. The letter also issued a final determination on a separate request, No. 24-05590-F. *Id.; see infra* ¶¶ 27–33. The letter stated that Defendant located "six documents, totaling 312 pages, responsive to [the] request." Exhibit 110 at 2. Defendant asserted FOIA Exemption 3, in conjunction with 38 U.S.C. § 5705, and FOIA Exemption 6, to withhold or redact 236 pages. *Id*. at 3; *see* 5 U.S.C. § 552 (b)(3), (b)(6). Defendant also stated that it withheld portions of records under FOIA Exemption 6. Exhibit 110 at 4; *see* 5 U.S.C. § 552 (b)(6). The letter notified Plaintiff of her right to appeal the determination. Exhibit 110 at 4. Defendant did not state which records were withheld in full under Exemption 3 and which were withheld in full under Exemption 6.

23. On April 26, 2024, Plaintiff timely filed an administrative appeal of Defendant's final determination on the remanded request of FOIA No. 23-01120-FP, via email. Exhibit 111

is Plaintiff's Second Administrative Appeal on FOIA No. 23-01120-FP, excluding exhibits, and it is attached and made part of this Complaint.

24. 20 working days from the date of submission of Plaintiff's second administrative appeal of FOIA No. 23-01120-FP passed on May 24, 2024.

25. On August 5, 2024, Defendant issued its final determination on Plaintiff's second administrative appeal FOIA No. 23-01120-FP. Exhibit 117 is Defendant's Combined Administrative Appeal Determination on FOIA Nos. 23-01120-FP and 24-05590-F and it is attached and made part of this Complaint. The letter also issued a final determination on the administrative appeal of the separate request, No. 24-05590-F. *Id.; see infra* ¶¶ 27–33. In the final determination, Defendant conceded that its prior application of Exemption 3 was improper in conjunction with 38 U.S.C. § 5705 and released some additional records that were previously—but erroneously—redacted. Exhibit 117 at 3. Defendant further concluded that Exemption 3 was otherwise properly applied in conjunction with 38 U.S.C. § 5701. *Id.* at 6. Defendant's final determination also reaffirmed its application of Exemption 6 to withhold records. *Id.* at 6–7. The determination letter notified Plaintiff of her right to seek judicial review of the determination. *Id.* at 9.

26. Plaintiff has constructively exhausted all administrative remedies and this matter is ripe for de novo judicial review.

**FOIA REQUEST NO. 24-05590-F**

27. On or about February 1, 2024, Plaintiff submitted a second FOIA request for records to the Sioux Falls VA Health Care System. Exhibit 112 is Plaintiff's FOIA Request No. 24-05590-F and it is attached and made part of this Complaint. The timeframe of the

request is, "November 1, 2022 to the date [the] FOIA request [was] received by the Sioux Falls VA Health Care System FOIA Office." *Id.* at 2. Plaintiff's request stated:

> I request all documents maintained at the Sioux Falls VA Health Care System pertinent to me in which my name is mentioned from November 1, 2022 to the date this FOIA request is received by the Sioux Falls VA Health Care System FOIA Office.
>
> *Id.*

Plaintiff's request also provided additional information to assist the agency in its search for and release of responsive records. *Id.*

28. On or about February 13, 2024, Defendant confirmed receipt of the request via email, issued a received date of February 7, 2024, and assigned FOIA No. 24-05590-F. Exhibit 110. Defendant issued a combined final determination on this request and on a separate remanded request, No. 23-01120-FP. *Id.; see supra* ¶¶ 13–26.

29. On April 26, 2024, Plaintiff timely filed an administrative appeal of Defendant's final determination on FOIA No. 24-05590-F. Exhibit 113 is Plaintiff's Administrative Appeal on FOIA No. 24-05590-F, and it is attached and made part of this Complaint.

30. On April 29, 2024, Defendant acknowledged receipt of Plaintiff's administrative appeal on FOIA No. 24-05590-F and assigned the appeal 024M OGC Case #: 170507. Exhibit 114 is Defendant's Appeal Acknowledgement Letter on 024M OGC Case #: 170507 (FOIA No. 24-05590-F) and it is attached and made part of this Complaint. In the letter, Defendant stated that it was "unable to offer an estimate as to when your appeal will be completed." *Id.* at 2.

31. 20 working days from the date Defendant acknowledged receipt of Plaintiff's administrative appeal of FOIA No. 24-05590-F passed on May 28, 2024.

8

32. On August 5, 2024, Defendant issued its final determination on Plaintiff's administrative appeal. Exhibit 117 is Defendant's Combined Administrative Appeal Determination on FOIA Nos. 23-01120-FP and 24-05590-F and it is attached and made part of this Complaint. The letter also issued a final determination on the second administrative appeal of the separate request, FOIA No. 23-01120-FP. *Id.*; *see supra* ¶¶ 13–26. In the final determination, Defendant conceded that its prior application of Exemption 3 was improper in conjunction with 38 U.S.C. § 5705 and released some additional records that were previously—but erroneously—redacted. Exhibit 117 at 3. Defendant further concluded that Exemption 3 was otherwise properly applied in conjunction with 38 U.S.C. § 5701. *Id.* at 6. Defendant's final determination also reaffirmed its application of Exemption 6 to withhold records. *Id.* at 6–7. The determination letter notified Plaintiff of her right to seek judicial review of the determination. *Id.* at 9.

33. Plaintiff has constructively exhausted all administrative remedies and this matter is ripe for de novo judicial review.

34. Plaintiff reasonably expected to receive certain records responsive to FOIA Requests Nos. 23-01120-FP and 24-05590-F that have not yet been released by Defendant, including but not limited to: (1) the evidence file that contains all evidence that was submitted and used as a basis for suspending Plaintiff; (2) documentation of the process by which the administration decided whether or not to permanently remove Plaintiff, including documents with input from people other than the Acting Director and Chief of Staff; (3) all information provided to the agency by Plaintiff as evidence regarding her suspension; (4) all documents sent to Plaintiff that she signed and returned to the agency;

and, (5) notes and any other documents associated with two Medical Executive Committee ("MEC") meetings.

## LEGAL FRAMEWORK OF FOIA

35. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

36. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. §552(a)(4)(B).

37. Under FOIA, a federal agency has the burden to sustain its actions. *Id.*

38. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

**COUNT I – DEFENDANT'S FAILURE TO ISSUE DETERMINATIONS WITHIN THE STATUTORY PERIOD**

39. Plaintiff realleges paragraphs 1 through 38 above as if fully set forth herein.

40. The requests in this matter seek the disclosure of all agency records responsive to Plaintiff's requests, and were properly made.

41. Defendant, the U.S. Department of Veterans Affairs, is a federal agency subject to the FOIA.

42. Included within the scope of the requests is one or more records or portions thereof that are not exempt under FOIA.

43. Defendant, the U.S. Department of Veterans Affairs, failed to issue determinations within the statutory deadline.

### COUNT II – DEFENDANT'S FAILURE TO CONDUCT A REASONABLE SEARCH

44. Plaintiff realleges paragraphs 1 through 43 above as if fully set forth herein.

45. Defendant, the U.S. Department of Veterans Affairs, has failed to conduct a reasonable search for all records responsive to the requests.

### COUNT III – DEFENDANT'S FAILURE TO RELEASE RECORDS

46. Plaintiff realleges paragraphs 1 through 45 above as if fully set forth herein.

47. Defendant has failed to promptly release all non-exempt records or portions of records responsive to the Plaintiff's requests.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff asks the Court to:

i. Declare that Defendant violated FOIA;

ii. Order Defendant to conduct a reasonable search for records;

iii. Order Defendant to issue a determination;

iv. Order Defendant to make all non-exempt records or portions of records promptly available to Plaintiff;

v. Enjoin Defendant from withholding all non-exempt public records under FOIA;

vi. Award Plaintiff's attorney fees and costs; and,

vii. Award such other relief the Court considers appropriate.

Dated: this 7th day of March, 2025.

RESPECTFULLY SUBMITTED,

*/s/ C. Peter Sorenson*
C. Peter Sorenson
DC Bar #438089
Senior Attorney
Sorenson Law LLC
PO Box 10836
Eugene, OR 97440
(541) 606-9173
peter@sorensonfoialaw.com

And

*/s/ Gianina Josephine Spano*
Gianina Josephine Spano
DC Bar #OR0029
Associate Attorney
Sorenson Law LLC
PO Box 10836
Eugene, OR 97440
(541) 321-8328
gianina@sorensonfoialaw.com

*Counsel for Plaintiff*